IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | 1:20CR349-1 |
| v. | : | |
| | : | |
| ROOB KAUR ATAR-SINGH | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, ROOB KAUR ATAR-SINGH, in her own person and through her attorney, Helen Parsonage, and state as follows:

1. The defendant, ROOB KAUR ATAR-SINGH, is presently under Indictment in case number 1:20CR349, which charges her in Count One with a violation of Title 18, United States Code, Section 1015(f), in Count Two with a violation of Title 18, United States Code, Section 911, and in Count Three with a violation of Title 18, United States Code, Section 611(a).

2. The defendant, ROOB KAUR ATAR-SINGH, will enter a voluntary plea of guilty to Court Three of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to her by her attorney.

a.     The defendant, ROOB KAUR ATAR-SINGH, understands that the maximum term of imprisonment provided by law for Count Three of the Indictment herein is not more than one year, and the maximum fine for the Indictment herein is $100,000.   If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, ROOB KAUR ATAR-SINGH, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process.   The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

b.     The defendant, ROOB KAUR ATAR-SINGH, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than one year after imprisonment pursuant to Title 18, United States Code, Section 3583.

c.     The defendant, ROOB KAUR ATAR-SINGH, further understands that the sentence to be imposed upon her is within the discretion of the sentencing court subject to the statutory maximum penalties set forth

2

above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

d. The defendant, ROOB KAUR ATAR-SINGH, understands that if she is not a citizen of the United States that entering a plea of guilty to Count Three may have adverse consequences with respect to her immigration status. Under federal law, the offense to which defendant is pleading guilty may be a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant, ROOB KAUR ATAR-SINGH, understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant, ROOB KAUR ATAR-SINGH, having been apprised of possible immigration consequences resulting from her guilty plea, nevertheless wishes to enter a

3

voluntary plea of guilty regardless of any immigration consequences that might result from her guilty plea, even if such consequence might include automatic removal and possibly permanent exclusion from the United States or the inability in the future to obtain status as a citizen of the United States.

3. By voluntarily pleading guilty to Count Three of the Indictment herein, the defendant, ROOB KAUR ATAR-SINGH, knowingly waives and gives up her constitutional rights to plead not guilty, to compel the United States to prove her guilt beyond a reasonable doubt, not to be compelled to incriminate herself, to confront and cross-examine the witnesses against her, to have a jury or judge determine her guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, ROOB KAUR ATAR-SINGH, is going to plead guilty to Count Three of the Indictment herein because she is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. In exchange for the defendant, ROOB KAUR ATAR-SINGH, (i) providing proof that she has removed her name or de-registered from the North Carolina voter rolls; (ii) surrendering her voter registration card and other documentation of registration, if any, provided to her by the board of

4

elections; and (iii) promising not to register to vote or vote in any election held solely or in part to elect a person to federal office, unless and until she becomes a citizen of the United States, the Government agrees to recommend that the defendant, ROOB KAUR ATAR-SINGH, not be sentenced to an active term of imprisonment. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

b. The defendant, ROOB KAUR ATAR-SINGH, and the United States agree about the following sentencing guideline provisions and sentencing considerations. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

i. The applicable offense guideline is Section 2H2.1(3) of the Sentencing Guidelines and the base offense level is 6.

ii. The United States recommends that the defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines. However, the United States will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the defendant engages in conduct inconsistent with accepting responsibility.

c.     It is further agreed by and between the United States and the defendant, ROOB KAUR ATAR-SINGH, that in exchange for the government's agreement to dismiss Count One and Count Two of the Indictment herein, the defendant expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a) and including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute, and further to waive any right to contest the conviction or the sentence on any ground and by any method, including but not limited to any proceeding under Title 28, United States Code, Section 2255 or any other statute potentially affording post-conviction relief, except the defendant's right to appeal or collaterally attack based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender.

d.     The defendant, ROOB KAUR ATAR-SINGH, hereby abandons interest in, and consents to the official use, destruction, or other

6

disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of the plea agreement. The defendant, ROOB KAUR ATAR-SINGH, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

e. The defendant, ROOB KAUR ATAR-SINGH, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Indictment Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

f. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, ROOB KAUR ATAR-SINGH, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, ROOB KAUR ATAR-SINGH, pleads guilty and later fails to comply with her obligations under paragraph 5a above or seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any

7

statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

6. The defendant, ROOB KAUR ATAR-SINGH, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. The defendant, ROOB KAUR ATAR-SINGH, agrees that her debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if she is current in her payments under any Court imposed payment schedule.

8. It is further understood that the United States and the defendant, ROOB KAUR ATAR-SINGH, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, ROOB KAUR ATAR-SINGH, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any

8

offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $25 for each offense to which she is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

[Remainder of page intentionally blank. Signatures on the following page.]

9

This the __15th__ day of __October__ , 2020.

H. L. Page

MATTHEW G.T. MARTIN
United States Attorney

HELEN PARSONAGE
Attorney for Defendant

MATTHEW G.T. MARTIN
NCSB #32814
United States Attorney
101 S. Edgeworth Street, 4th Floor
Greensboro, NC 27401
336/333-5351

ROOB KAUR ATAR-SINGH
Defendant

/S/ CTB

10